**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 19-00134 (GC) |
| OMAR COUNCIL, | **MEMORANDUM OPINION** |
| Defendant. | |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (the "First Step Act") filed by Defendant Omar Council. (ECF No. 832.) The United States of America (the "Government") opposed the motion, and Defendant replied. (ECF Nos. 845 & 859.) The Court has carefully considered the submissions and decides the matter without oral argument under Local Civil Rule 78.1(b), which applies to criminal cases pursuant to Local Criminal Rule 1.1. For the reasons stated herein, and other good cause shown, the motion is **DENIED** without prejudice.

**I.    BACKGROUND**

**A.  THE OFFENSES**

On September 11, 2019, Council pled guilty to a one-count Information that charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. §846. (ECF No. 361.) Council had been arrested in October 2018 following an investigation of drug trafficking in the Trenton,

New Jersey area. (*See generally* ECF No. 1.) During the investigation, law enforcement executed numerous controlled purchases of narcotics from Council. (ECF No. 692 at 22.[1]) The controlled purchases included heroin, Xanax, morphine, crack cocaine, Vicodin and hydrocodone. (*Id.* at 27.)

On September 3, 2020, the Court (Wolfson, C.J.) sentenced Council to a term of imprisonment of 160 months. (ECF No. 533.) Council appealed, and while his appeal was pending the United States Court of Appeals for the Third Circuit issued its decision in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc), overturning the Circuit's prior binding precedent of *United States v. Hightower*, 25 F.3d 182 (3d Cir. 1994). The United States moved to vacate Council's sentence and to remand the case. (ECF No. 692 at 76.) The Third Circuit granted the unopposed motion and remanded the matter for resentencing. (ECF No. 632.) Council no longer qualified as a career offender under United States Sentencing Guideline § 4B1.1, per the Circuit's ruling in *Nasir* resulting in an advisory guideline range of 77 to 96 months imprisonment. (ECF No. 692 at 62 & 76.)

In advance of sentencing, the Government requested that the Court depart upward pursuant to Section 5K2.21 of the Guidelines and impose a sentence within a Guidelines range of 151 to 188 months. (ECF No. 712 at 7.) On November 10, 2021, Council was re-sentenced (Wolfson, C.J.) to a term of imprisonment of 108 months. (ECF No. 702.) Council, now 45 years old, is incarcerated at the Federal Correctional Institution ("FCI") at Fort Dix, New Jersey, and according to the BOP's website has a projected release date of July 11, 2027. *See* WEBSITE OF THE FEDERAL BUREAU OF PRISONS, *Find an inmate*, https://www.bop.gov/inmateloc/ (last visited June 10, 2024).

---

[1]   Citations to page numbers within record documents (*i.e.*, "ECF No.") refer to the page numbers stamped on the documents by the Court's e-filing system.

B. MOTION FOR COMPASSIONATE RELEASE

On September 21, 2023, Council *pro se* moved for compassionate release, asking the Court to reduce his sentence based on the following three reasons that Council argues rise to an "extraordinary and compelling" level: (1) that the December 16, 2022 Memorandum for All Federal Prosecutors from the Office of the United States Attorney General regarding Additional Department Policies Regarding Charging, Pleas and Sentencing in Drug Cases supports a reduction in his sentence because mandatory minimum sentences should ordinarily be reserved for certain cases; (2) that due to the passing of Council's mother he is the "sole overseer and guardian of his brother who is diagnosed with bipolar-schizophrenia"; and (3) that based on the 18 U.S.C. § 3553(a) factors, Council has "maintained clear conduct, . . . excellent work ethic . . . [as he] is currently employed by the BOP," has a "very strong re-entry plan back into society," and "was allowed 3.5 hours furlough from County detention to attend a family funeral without any incident." (*See generally* ECF No. 832 (cleaned up).)

On November 2, 2023, Council submitted an "addendum" to his motion stating that his brother needs a caretaker "for numerous duties including scheduling and transportation to Mental Health evaluations, medical doctor appointments, monitoring social security issues, making sure he has monthly food, maintains hygiene, etc." (ECF No. 837 at 3.) Council also advised that in 2022 he had "a major surgery on his upper respiratory system," that he has "a BMI over 30 and deal[s] with high cholesterol and hypertension," all of which places him at "increased risk of an adverse outcome from COVID-19." (*Id.* at 4 (cleaned up).) Council attached a memorandum from October 2023 that states that a number of inmates had tested positive for COVID-19 as well as a number of certificates demonstrating Council's commitment to rehabilitation while incarcerated. (ECF No. 837-1.)

On January 12, 2024, the Government opposed Council's motion. It claims that Council failed to exhaust his administrative remedies because he did not file a request for compassionate release with the BOP. (*See generally* ECF No. 845.) It also claims that Council fails to allege "extraordinary and compelling reasons" that warrant compassionate release under Section 3582(c)(1)(A). (*Id.*) The Government contends that the Attorney General's Memorandum is a "prospective, non-retroactive policy document meant to help guide employees of the Department of Justice in the exercise of DOJ's discretionary prosecutorial authority" and that it "does not have the force of law . . . to confer rights on any party[.]" (*Id.* at 8.) The Government notes that a court in this District has already rejected this same argument in *United States v. Gaines*, Crim. No. 17-488, 2023 WL 3224585, at *2-3 (D.N.J. May 1, 2023). (*Id.* at 9-10.)

Next, the Government argues that Council has failed to establish his eligibility for relief based on his family circumstances as he failed to attach any supporting declarations, medical records, police reports, billing records, or other documentary evidence to support his allegations. (*Id.* at 11-12.) The Government notes that based on the information contained in the final Presentence Report, Council's brother may have been living without a caregiver for a period of 20 months and there is no evidence to suggest that he is currently incapable of self-care. (*Id.* at 12.)

The Government also argues that Council has not shown that he is eligible for relief based on his medical condition and the risks posed to him by COVID-19. (*Id.* at 13.) Specifically, the Government notes that Council has not demonstrated that there is an ongoing outbreak of COVID-19 or that any risks to his health cannot be timely mitigated. (*Id.* at 14-18.) Indeed, the Government emphasizes that Council himself refused vaccination against the virus and that Council's own medical records demonstrate that he is exaggerating his individual risk factors. (*Id.*)

Finally, the Government contends that the 18 U.S.C. §3553(a) factors do not support a reduction of Council's sentence: Council's sentence reflects the seriousness of the offense, his history and characteristics show "a pattern of illegal drug distribution and other criminal activity stretching over the course of his entire adult life," there is a need to protect society from further crimes by Council and to serve as a deterrent to Council, and there is also a need to avoid unwarranted sentencing disparities. (*Id.* at 18-23.)

On April 10, 2024, Council filed a reply in further support of his motion. (ECF No. 859.) Council submits that he filed for compassionate release at his prior institution, FCI Edgefield, South Carolina, at least thirty days prior to his initial filing of this motion and that the request was sent through "Inmate-to-Staff email"; however, the email is no longer available for Council to print and submit in support of his motion. (*Id.* at 2.) Council also reiterates his argument that "extraordinary and compelling reasons" warrant a reduction of his sentence based on the need to care for his brother. (*Id.* at 2-3.) The Court received a letter from Council's sister stating that her "employment obligations and personal situation" hinder her from providing the level of care and attention that their brother, Cedric, requires and that Council "on the other hand, has always shared a special bond with Cedric and possesses the patience, understanding, and dedication needed to care for someone in Cedric's condition." (ECF No. 862.) Council further contends that the section 3553(a) factors weigh in favor of release, noting the positive statements the sentencing judge made in support of the downward departure from 188 months to 160 months as well as the comments of his family and friends at the time of sentencing. (ECF No. 859 at 4.) Finally, Council underscores that BOP has now assessed his "pattern of recidivism risk to be low," and he included a letter confirming an offer of employment for purposes of his release plan. (*Id.* at 6-9.)

## II.     LEGAL BACKGROUND

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see, e.g., Dillon v. United States*, 560 U.S. 817, 824 (2010) (noting that a sentence of imprisonment "may not be modified by a district court except in limited circumstances"), the First Step Act permits courts to grant compassionate release when there are "extraordinary and compelling reasons" to reduce a sentence. 18 U.S.C. § 3582(c)(1)(A).

The Act was passed in December 2018, *see* Pub. L. No. 115-391, 132 Stat. 5194 (2018), and, in relevant part, it provides:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> [18 U.S.C. § 3582(c)(1)(A).]

Once the procedural prerequisites are satisfied, a district court may reduce a defendant's sentence "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[2] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction."

---

[2]     The Sentencing Commission's U.S. Sentencing Guidelines ("U.S.S.G.") policy statement is not binding on district courts, but "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

*United States v. Burd*, Crim. No. 21-86, 2023 WL 3271167, at *1 (D.N.J. May 5, 2023) (quoting *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020), *aff'd*, 837 F. App'x 932 (3d Cir. 2021)).

### III. DISCUSSION

#### A. PROCEDURAL PREREQUISITES

The procedural prerequisites for judicial review of compassionate release motions are relatively straightforward. Before making such requests to the sentencing court, "the defendant must fully exhaust administrative remedies within the [Bureau of Prisons] or wait 30 days from the date the facility's warden receives defendant's request, whichever happens first." *United States v. Alston*, Crim. No. 03-844, 2023 WL 2238297, at *2 (D.N.J. Feb. 27, 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

Council declared in his motion that he previously filed an "Electronic Compassionate Letter to Warden Janson at FCI Edgefield, South Carolina." (ECF No. 831 at 2.) Council writes "3, 2023" as the date on which he submitted the request. (*Id.* at 3.) No electronic record was attached to the motion or to any of Council's subsequent filings. In his reply, Council contends that the electronic request is no longer available to print and submit to the Court. (ECF No. 859 at 2.) Council has thus failed to meet his burden of proof that he exhausted all administrative remedies. He has not submitted any records substantiating that an electronic request was filed with the Warden or, at a minimum, provided a clear date on which it was filed. *See, e.g., United States v. Leavy*, Crim. No. 19-0163, 2023 WL 2931946, at *1 (W.D. Pa. Apr. 13, 2023) (denying the defendant's motion for compassionate release on the basis that the defendant failed to meet his burden of proof that he exhausted all administrative remedies); *United States v. Thomas*, Crim. No. 17-154, 2020 WL 6737872 at *1 (N.D. Tx. Nov. 16, 2020) (holding that the defendant did not

comply with the administrative exhaustion requirement because he failed to attach proof of his electronic request to the warden). On this basis alone, the Court could deny Council's motion. *See United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616 at *3 (D.N.J. Apr. 9, 2020) (noting the Third Circuit's strong language regarding exhaustion leaves no wiggle room" (citing *United States v. Raia*, 954 F.3d 594 (3d Cir. 2020))). However, even if the Court were to accept Council's declaration that he submitted an electronic request and that he exhausted his administrative remedies, the Court still does not find "extraordinary and compelling reasons" to grant Council's motion at this time.

### B. COMPASSIONATE RELEASE

The First Step Act does not define "extraordinary and compelling reasons," which means that district courts have some "flexibility and discretion to consider the unique circumstances" for each compassionate release motion. *United States v. Doolittle*, Crim. No. 19-501, 2020 WL 4188160, at *2 (D.N.J. July 21, 2020) (citing *United States v. Rodriguez*, 451 F. Supp. 3d 392, 398-99 (E.D. Pa. 2020)). When giving shape to this "otherwise amorphous phrase," courts may look to the statute's "text, dictionary definitions, and the policy statement" of the U.S. Sentencing Commission. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

In *Andrews*, the district court (affirmed on appeal) explained that "[t]he ordinary meaning of extraordinary is '[b]eyond what is usual, customary, regular, or common.' And the ordinary meaning of compelling need is '[a] need so great that irreparable harm or injustice would result if it is not met.'" *United States v. Andrews*, 480 F. Supp. 3d 669, 682-83 (E.D. Pa. 2020) (first quoting *Extraordinary*, Black's Law Dictionary (10th ed. 2014); and then quoting *Compelling Need*, Black's Law Dictionary (10th ed. 2014)).

1. **ATTORNEY GENERAL MEMORANDUM**

As summarized above, Council argues that the December 16, 2022 Memorandum for All Federal Prosecutors provides an extraordinary and compelling reason for a reduction in his sentence because mandatory minimum sentences should ordinarily be reserved "for instances in which the remaining charges . . . would not sufficiently reflect the seriousness of the defendant's criminal conduct, danger to the community, harm to victims" and "such purposes of the criminal law as punishment, protection of the public, specific and general deterrence, and rehabilitation." (ECF No. 832 at 5-6.) Council emphasizes that this policy applies particularly in drug cases where mandatory minimum sentences have resulted in "disproportionately severe sentences for certain defendants and perceived and actual racial disparities in the criminal justice system." (*Id.* at 6.)

The Court agrees with the Government that the Attorney General's Memorandum was not "intended to create a substantive or procedural right or benefit, enforceable at law," but rather was "intended solely for the guidance of attorneys for the government." (ECF No. 845 at 8-9.) Council's 108-month sentence was lawfully imposed, and there is nothing extraordinary "about leaving untouched the exact penalties that Congress prescribed and that a district court imposed for particular violations of a statute." *Andrews*, 12 F.4th at 260-61; *see also Gaines*, 2023 WL 3224585, at *2-3 (holding that "the December 16, 2022 Department of Justice 'Memorandum for all Federal Prosecutors' in drug cases" did not create "extraordinary or compelling reasons" to reduce the defendant's "lawfully imposed sentence").

2. **FAMILY CIRCUMSTANCES**

The Sentencing Commission adopted a policy statement regarding the reduction in a term of imprisonment under 18 U.S.C. § 3582(c)(1)(A), effective November 1, 2023. *See* U.S.S.G. § 1B1.13 (the "Policy Statement"). In relevant part, the Policy Statement provides that extraordinary

and compelling reasons may exist to warrant a sentence reduction based on a defendant's family circumstances:

> (3) FAMILY CIRCUMSTANCES OF THE DEFENDANT. –
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. . . .
>
> [*Id.*]

The Policy Statement also applies to "immediate family members," such as the sibling of the defendant. *Id.*

As summarized above, Council argues that his unique family circumstances—namely, the passing of his mother, who was his brother's primary caregiver, together with the loss of his father and other brother, Keith Leaf, both of whom were potential caregivers—leaves Council as the only available caregiver for his brother Cedric, thereby giving rise to the level of an extraordinary and compelling reason warranting Council's release.

On the record presented, the Court is not convinced that the circumstances regarding the care of Council's brother reach the level required for an extraordinary and compelling reason, but even if found, the § 3553(a) factors strongly disfavor release at this time. The Court is sympathetic to the challenges faced by Council's brother and appreciates that Council regrets being unable to provide care for his brother due to his bipolar disorder and schizophrenia. Nevertheless, the unfortunate reality is that "[i]t is not uncommon . . . for a criminal sentence to impose burdens, sometimes severe ones, on family members." *United States v. Dunich-Kolb*, Crim. No. 14-150, 2022 WL 580919, at *8 (D.N.J. Feb. 14, 2022) (McNulty, J.). A defendant who engages in the

kind of serious criminal activity that Council did in this case (conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin) while knowing that he has family members who might suffer by his absence cannot then claim that he should have a reduced sentence because of the foreseeable burdens placed on the defendant's family members as a result of the defendant's knowing actions. At this stage, compassionate release requires more than a belief that a sibling would be better served by the defendant's presence than by his absence; there ordinarily must be a demonstration that an irreparable harm or injustice will result unless defendant is released. *See United States v. Claude*, 504 F. Supp. 3d 460, 462 (E.D. Pa. 2020), *aff'd*, 16 F.4th 422 (3d Cir. 2021) ("[A] 'compelling need' is a 'need so great that irreparable harm or injustice would result if it is not met.'" (citation omitted)).

Here, accepting that a district court may grant compassionate release to allow a defendant, under the appropriate circumstances, to care for a sibling with a serious mental or physical disability, there is evidence presented that the care of Council's brother does not rise to the level of extraordinary and compelling. For instance, in October 2021, Council's brother was living in a facility that assists him with his bipolar disorder and schizophrenia. (ECF No. 692 at 53.) There is no documentation before the Court demonstrating that Council's brother no longer resides at the facility or that he is in dire need of care. In addition, according to the presentence report, Council's father and brother passed away in 2020 and his mother passed away in May 2022. (*Id.* at 52-53.) There is no indication that Council's brother has not been cared for since his mother's passing in 2022. Moreover, while Council's sister, Samantha Moses, submitted a letter stating that her personal and professional obligations "hinder [her] from providing the level of care and attention that Cedric requires," she did not explain why she is entirely unable to assist in her brother's care at least on a semi-regular basis. (*See, e.g.,* ECF No. 862 at 1 (Samantha Moses: "My employment

11

obligations and personal situation preclude me from being the primary caregiver he so desperately needs. Omar, on the other hand, has always shared a special bond with Cedric and possesses the patience, understanding, and dedication needed to care for someone in Cedric's condition.").) Finally, the presentence report indicates that Council also has another brother who resides in New Jersey. (ECF No. 692 at 53.) Council has not addressed why his brother, S. Council, is not a potential caregiver for Cedric. The Court therefore finds that Council has not demonstrated an extraordinary and compelling reason to reduce his sentence based on the needs of his brother.

### 3. MEDICAL CIRCUMSTANCES OF THE DEFENDANT

The Sentencing Commission's Policy Statement also provides that extraordinary and compelling reasons may exist to warrant a sentence reduction based on a defendant's medical conditions. *See* U.S.S.G. § 1B1.13. Specifically, the Policy Statement provides that extraordinary and compelling reasons exist if the defendant presents the following circumstances:

> (i) the defendant is housed as a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease . . .
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease . . .; and
>
> (iii) such risk cannot be adequately mitigated in a timely manner.
>
> [U.S.S.G. § 1B1.13(b)(1)(D).]

Council submits that his medical condition—a prior surgery involving his upper respiratory system, a body mass index over 30, high cholesterol and hypertension—puts him at risk of a serious disease if infected with COVID-19. (ECF No. 837 at 4.)

As noted by the Government, Council's prison records indicate that he declined to receive the COVID-19 vaccination. (ECF No. 865 at 1.) The United States Court of Appeals for the Third

Circuit has recognized that a defendant's refusal to receive the COVID-19 vaccine is reason alone to deny compassionate release on this ground as defendants "have voluntarily failed to mitigate the very health concerns they identify in support of an early release." *United States v. Thomas*, 2022 WL 296594, at *2 (3d Cir. 2022) (citing *United States v. Brinson*, Crim. No. 19-153, 2021 WL 2451970, at *2 (D.N.J. June 16, 2021)); *United States v. Sawyers*, Crim. No. 15-00070, 2021 WL 2581412, at *4 (C.D. Cal. June 22, 2021) ("The glaring consensus among district courts is that refusal of a COVID-19 vaccine subverts a defendant's compassionate release motion."), *appeal dismissed*, 2021 WL 6196971 (9th Cir. Oct. 18, 2021).

Moreover, the Court does not find there is an ongoing outbreak of COVID-19 at Council's facility. The most recent data indicates one open COVID-19 case at the Fort Dix facility. *See* www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited June 10, 2024); *see also United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) (noting that such claims based on COVID-19 concerns are "unlikely to succeed in the current state of milder infections and fewer hospitalizations and deaths"). Therefore, the Court does not find extraordinary and compelling reasons to warrant a reduction in sentence based on Council's medical condition.

### 4. 18 U.S.C. § 3553(a) factors

Ultimately, even if these circumstances rise to an extraordinary and compelling level, the Court finds that the § 3553(a) factors weigh strongly against Council's release at this time. Under 18 U.S.C. § 3553(a), a court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing, including the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," afford adequate deterrence, protect the public from additional crimes by the defendant, and "provide the defendant with needed educational or vocational training,

13

medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(A)-(D). A court must also consider the "nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," among other factors. *Id.* § 3553(a)(1), (6); *see also United States v. Tapia*, Crim. No. 23-1811, 2023 WL 4575946, at *2 (3d Cir. July 18, 2023) ("A district court 'may reduce the term of imprisonment' and 'impose a term of probation or supervised release' if it finds that 'extraordinary and compelling reasons warrant such a reduction.' Before granting such relief, a district court must consider the sentencing factors in § 3553(a)." (quoting 18 U.S.C. § 3582(c)(1)(A)(i))).

Here, Council's criminal actions are serious in nature. To promote respect for the law, provide just punishment, and afford adequate deterrence for the offenses requires ensuring that Council serves the greater part of his sentence. *See United States v. Pawlowski*, 967 F.3d 327, 329 (3d Cir. 2020) (affirming denial of compassionate release in bribery and fraud case where district court determined that the defendant's time served did not weigh in favor of release); *United States v. Doe*, 833 F. App'x 366, 368 (3d Cir. 2020) ("[T]he District Court did not abuse its discretion in assessing the seriousness of Doe's offense of conviction."); *United States v. Neff*, 523 F. Supp. 3d 726, 729 (E.D. Pa. 2021) ("Given the seriousness of the offenses of conviction, Defendant's release, with less than fifty percent of his sentence served, would not reflect the seriousness of the offenses, promote respect for the law, or provide just punishment for the offenses.").

As detailed in the presentence report, Council's case arose following an extensive two-year investigation by federal and local authorities of drug trafficking, firearms possession and violent crime in and around Trenton, New Jersey. (ECF No. 691 ¶ 107.) In 2017 and 2018, law enforcement executed numerous controlled purchases of narcotics from Council. (*Id.* ¶ 111.) The

14

wiretaps of Council's phone also confirmed that Council regularly sold all manners of narcotics, including heroin, crack cocaine, powder cocaine and unlawfully obtained prescription drugs. (*Id.* ¶116.) Council noted that he would need to become the "MVP" of the drug-trafficking conspiracy following the arrest and federal prosecution of a fellow co-conspirator. (*Id.* ¶ 121.) If the Court were to grant Council's motion, his release at this point would not reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense. Indeed, the Court determined that an upward variance was warranted in this case resulting in the sentence of 108 months. *See United States v. Glenn*, Crim. No. 15-99, 2021 WL 3190553 at *9 (E.D.Pa. July 28, 2021) (denying motion for compassionate release noting that an upward variance was warranted resulting in a sentence of 168 months and to reduce the defendant's sentence would "frustrate the legislature and Sentencing Commission's goal offering courts the leeway to impose a sentence that is sufficient but not greater than necessary to serve the goals of sentencing").

### IV.     CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion for Compassionate Release (ECF No. 832) is **DENIED** without prejudice. An appropriate Order follows.

Dated: June 11, 2024

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE