<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Crim. No. 19-00134 (GC) |
| OMAR COUNCIL, | <u>**MEMORANDUM OPINION**</u> |
| Defendant. | |

<u>**CASTNER, District Judge**</u>

**THIS MATTER** comes before the Court upon Defendant Omar Council's Motion for Reconsideration.  (ECF No. 875.)  Defendant, proceeding *pro se*, asks the Court to reconsider its June 11, 2024 Order denying his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (the First Step Act).  (ECF No. 870.)  The Court has carefully reviewed Defendant's submissions and decides the matter without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b).  For the reasons set forth below, and other good cause shown, Defendant's Motion is **DENIED**.

**I.    BACKGROUND**

**A.    The Offense**

On September 11, 2019, Defendant pled guilty to a one-count Information that charged him with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. §846.  (ECF No. 361.)  Defendant was arrested in October 2018 following an investigation of drug trafficking in the Trenton, New Jersey area.  (*See generally* ECF No. 1.)  During the investigation, law enforcement

executed numerous controlled purchases of narcotics from Defendant.  (ECF No. 692 at 22.[1])  The controlled purchases included heroin, Xanax, morphine, crack cocaine, Vicodin, and hydrocodone. (*Id.* at 27.)  Defendant was initially sentenced to a 160-month term of imprisonment, but after a change in Third Circuit precedent during the pendency of Defendant's appeal of his conviction, the United States moved to vacate his sentence.  (ECF No. 632.)  Defendant was thereafter re-sentenced to a term of imprisonment of 108 months.  (ECF No. 702.)[2]

Defendant, now 46 years old, is incarcerated at Federal Correctional Institution (FCI) Schuylkill in Minersville, Pennsylvania, and according to the Bureau of Prisons' website has a projected release date of May 2, 2027.  *See* WEBSITE OF THE FEDERAL BUREAU OF PRISONS, Find an inmate, https://www.bop.gov/inmateloc/ (last visited Jan. 15, 2025).

### B.    Motion for Compassionate Release

On September 21, 2023, Defendant filed a Motion for Compassionate Release under the First Step Act, which permits a Court to release a defendant for "extraordinary and compelling" reasons.  Defendant offered three reasons that he claimed were "extraordinary and compelling" to warrant his release, but his instant Motion only focuses on two: (1) that due to the passing of Defendant's mother he became the "sole overseer and guardian of his brother who is diagnosed with bipolar-schizophrenia"; and (2) that based on the 18 U.S.C. § 3553(a) factors, Defendant had "maintained clear conduct," "excellent work ethic," was "employed by the BOP," had a "very strong re-entry plan back into society," and "was allowed 3.5 hours furlough from County detention to attend a family funeral without any incident."  (*See generally* ECF No. 832 (cleaned

---

[1]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[2]    Following Defendant's re-sentencing, this matter was assigned to the undersigned on January 30, 2023.

up); ECF No. 875.)

On June 11, 2024, the Court denied Defendant's Motion for Compassionate Release. (ECF No. 870.) In its Memorandum Opinion, the Court outlined three separate and independent reasons for denying Defendant's Motion. (*See* ECF No. 869.) *First,* the Court found that Defendant had not met his burden to establish that he exhausted his administrative remedies, as required by the First Step Act. (*Id.* at 7.) *Second*, turning to the merits of Defendant's request, the Court found that Defendant's proffered reasons for seeking a reduction of his sentence were not "extraordinary and compelling" to warrant Defendant's release. (*Id.* at 9-13.) *Third*, the Court concluded that the § 3553(a) sentencing factors weighed "strongly" against releasing Defendant, particularly considering the seriousness of Defendant's conduct (*e.g.*, his sale of "all manners of narcotics"). (*Id.* at 13-14.)

### C.    Motion for Reconsideration

Defendant's Motion for Reconsideration followed less than a month after the Court denied his Motion for Compassionate Release. (*See* ECF No. 875.) Defendant argues that the Court's findings are "fatally inconsistent" because "Defendant had evidence to support his claims for Compassionate Release." (*Id.* at 5.) In support of his Motion, Defendant submits "supplemental findings of fact to be judicially noticed," along with an unsigned affidavit from his brother Cedric Council.[3] (*See generally* ECF No. 875.) Defendant submits that extraordinary and compelling reasons warrant compassionate release based on his brother's medical condition and Defendant's good behavior while on pre-trial release and while incarcerated. (*Id.*)

---

[3]    Defendant writes that his brother "had difficulty getting the [a]ffidavit [n]otarized in a timely fashion" because of his medical condition. (ECF No. 875 at 1-2.) Defendant indicated that a signed copy of his brother's affidavit would be forwarded to the Court. (*Id.* at 2.) To date, the Court has not received a signed copy of the affidavit. Regardless, even if the affidavit was signed, it would not impact the Court's ruling on the Motion.

II.    **LEGAL STANDARDS**

A.    **Motions for Compassionate Release**

Although a district court generally has limited authority to modify a federally imposed sentence once it commences, *see, e.g.*, *Dillon v. United States*, 560 U.S. 817, 824 (2010) (noting that a sentence of imprisonment "may not be modified by a district court except in limited circumstances"), the First Step Act permits courts to grant compassionate release when there are "extraordinary and compelling reasons" to reduce a sentence.  18 U.S.C. § 3582(c)(1)(A).

The Act was passed in December 2018, *see* Pub. L. No. 115-391, 132 Stat. 5194 (2018), and, in relevant part, it provides:

> (A) [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> [18 U.S.C. § 3582(c)(1)(A).]

The procedural prerequisites for judicial review of compassionate release motions are relatively straightforward.  Before making such requests to the sentencing court, "the defendant must fully exhaust administrative remedies within the [Bureau of Prisons] or wait 30 days from the date the facility's warden receives defendant's request, whichever happens first." *United States v. Alston*, Crim. No. 03-844, 2023 WL 2238297, at *2 (D.N.J. Feb. 27, 2023) (citing 18 U.S.C. § 3582(c)(1)(A)).

4

Once the procedural prerequisites are satisfied, a district court may reduce a defendant's sentence "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[4] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Burd*, Crim. No. 21-86, 2023 WL 3271167, at *1 (D.N.J. May 5, 2023) (quoting *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020), *aff'd*, 837 F. App'x 932 (3d Cir. 2021)).

### B.    Motions for Reconsiderations

"While not expressly authorized by the Federal Rules of Criminal Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i)." *United States v. Mattia*, Cr. No. 21-00576, 2024 WL 3540448, at *1 (D.N.J. July 25, 2024) (quoting L. Civ. R. 1.1(a)). The Local Civil Rules "supplement the Federal Rules of Criminal Procedure 'and are applicable in all proceedings when not inconsistent therewith.'" *Id.*; *United States v. Akinola*, Cr. No. 11-310, 2017 WL 1179149, at *1 (D.N.J. Mar. 27, 2017); *see also United States v. Bergrin*, Cr. No. 09-369, 2013 WL 4501469, at *1 (D.N.J. Aug. 22, 2013) (noting that the local civil rules apply to "criminal cases tried in the District of New Jersey" (quoting L. Civ. R. 1.1)). Local Rule 7.1(i) permits "a party to file a motion with the Court requesting the Court to reconsider the 'matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked.'" *United States v. Rensing*, Cr. No. 12-663, 2022 WL 3227131, at *3 (D.N.J. Aug. 10, 2022) (quoting L. Civ. R. 7.1(i)); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

---

[4]    The Sentencing Commission's policy statement regarding the reduction in a term of imprisonment under 18 U.S.C. § 3582(c) is not binding on district courts, but "it still sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Accordingly, reconsideration is appropriate only if the moving party shows at least one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [denied] the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A court commits clear error of law only if the record cannot support the findings that led to that ruling." *Mattia*, 2024 WL 3540448, at *2. "Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it." *Id.*

Importantly, "[r]elief by way of a motion for reconsideration is considered an 'extraordinary remedy,' to be granted only sparingly." *United States v. Hough*, Cr. No. 02-649, 2011 WL 900111, at *1 (D.N.J. Mar. 15, 2011) (citing *NL Indus. Inc. v. Com. Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999)); *Rensing*, 2022 WL 3227131, at *3. Reconsideration is inappropriate where "the movant simply repeats the cases and arguments previously analyzed by the court" or where "the movant has filed the motion merely to disagree with or relitigate the court's initial decision." *CPS MedMgmt. LLC v. Bergen Reg'l Med. Center, L.P.*, 940 F. Supp. 2d 141, 167-68 (D.N.J. 2013). In other words, "a request to get a second bite at the apple . . . is not a basis for reconsideration." *Jaffal v. Thompson*, Civ. No. 18-5237, 2020 WL 13669948, at *1 (D.N.J. Nov. 30, 2020).

"Because the requirements are so stringent, motions for reconsideration typically are not granted." *CPS MedMgmt.*, 940 F. Supp. 2d at 168. Therefore, "[u]nless a court has truly failed to

consider pertinent authorities or evidence that could not with reasonable diligence have been presented earlier, a motion to reconsider a decision (even one that may contain an error) is generally futile." *Id.*

## III.    <u>DISCUSSION</u>

Defendant's Motion for Reconsideration largely repeats his arguments in support of his Motion for Compassionate Release.  Defendant has not identified any change in controlling law, supplied any new facts which were unavailable at the time of his initial Motion, or identified any clear errors of law or fact made by the Court.  *See Max's Seafood Café ex rel. Lou-Ann, Inc.*, 176 F.3d at 677.  As noted above, the Court denied Defendant's Motion for Compassionate Release for three reasons—each of which alone would have been a sufficient basis to deny the Motion. Defendant has not provided the Court with any additional information that would warrant reconsideration of the Court's prior ruling.  Nonetheless, the Court will again address each basis warranting denial in turn.

### A.    **Failure to Exhaust Administrative Remedies**

In denying Defendant's Motion for Compassionate Release, the Court found that Defendant failed to exhaust administrative remedies because, although he represented that he filed an electronic request for compassionate release with the Warden of his prior facility, he had "not submitted any records substantiating that an electronic request was filed with the Warden or, at a minimum, provided a clear date on which it was filed."  (ECF No. 869 at 7 (citing *United States v. Leavy*, Cr. No. 19-0163, 2023 WL 2931946, at *1 (W.D. Pa. Apr. 13, 2023)).)

Defendant now contends that he has "exhausted his administrative remedies by sending a request to the Warden via Corelinks."  (ECF No. 875.)  He further submits that "Sentry Data Base shows that a request was sent to the Warden of FCI Fort Dix."  (*Id.*)  But like his prior Motion, Defendant submits no documentary proof of the referenced electronic request and still does not

provide the date of his request.  (*See generally* ECF No. 875.)  Accordingly, Defendant's request for reconsideration with respect to the Court's finding that he failed to exhaust administrative remedies is denied.

### B.    No "Extraordinary and Compelling" Reason for Release

Defendant previously requested release based on "family circumstances," specifically so that he could serve as a caregiver for his brother, Cedric Council, who suffers from schizophrenia and bipolar disorder.  (*See* ECF No. 832 at 5-8.)  In denying Defendant's Motion for Compassionate Release, the Court explained that "compassionate release requires more than a belief that a sibling would be better served by the defendant's presence than by his absence; there ordinarily must be a demonstration that an irreparable harm or injustice will result unless [the] defendant is released."  (ECF No. 869 at 11 (citing *United States v. Claude*, 504 F. Supp. 3d 460, 462 (E.D. Pa. 2020), *aff'd*, 16 F.4th 422 (3d Cir. 2021).)  Defendant failed to meet that burden. (*Id.*)  Thus, the Court concluded that Defendant's family circumstances did not rise to the level of "extraordinary and compelling" to warrant Defendant's release.  (*Id.* at 11-12.)

Defendant has neither cured these deficiencies nor explained why the extraordinary remedy of reconsideration is warranted here.  Defendant does not address the issue, previously raised by the Court, that his other siblings could care for Cedric. (*See generally* ECF No. 875.)  Moreover, Defendant submits no documentation confirming that Cedric is no longer staying at an assisted living facility.  (*Id.*)  Instead, he submits an affidavit from Cedric in which Cedric states in conclusory fashion that he is without a caregiver after the passing of his mother.[5]  (*Id.* at 20-22.)

---

[5]    According to Cedric's affidavit, Cedric's daughter was put into foster care at some period after his mother's death.  (ECF No. 875 at 21.)  The Sentencing Guidelines provide that a reduction in a term of imprisonment may be appropriate based on family circumstances.  *See* U.S.S.G. § 1B1.13.  More specifically, a sentence may be reduced if a Defendant's child, spouse, parent, or "immediate family member" is incapacitated and the Defendant is the only available caregiver. *Id.* § 1B1.13(b)(3).  An "immediate family member" is a child, spouse, parent, grandchild,

Upon review of Defendant's Motion for Reconsideration, the Court concludes that Defendant's Motion is more akin to Defendant's attempt at a "second bite at the apple," *see Jaffal*, 2020 WL 13669948, at *1, and he does not meet the "stringent" standard for a motion for reconsideration. *CPS MedMgmt.*, 940 F. Supp. 2d at 168. Nonetheless, the Court has again thoroughly reviewed the record before it and denies Defendant's Motion for Reconsideration related to his family circumstances.

### C.    18 U.S.C. § 3553(a) Factors

Finally, the Court previously determined that, even if Defendant had established extraordinary and compelling reasons for release, denial of his request was still appropriate because the § 3553(a) factors weighed "strongly" against Defendant's release. (*See* ECF No. 869 at 13-15.) The Court again reaches the same conclusion. In the instant Motion, Defendant does not set forth any new facts that would change the Court's § 3553(a) analysis. For example, while Defendant reiterates that he has "maintained clear conduct throughout his incarceration," and was granted a furlough to attend his brother's funeral without incident, (ECF No. 875 at 6), the Court already considered these arguments when it denied his Motion for Compassionate Release. (*See* ECF No. 869 at 3.) Similarly, Defendant highlighted his charity work with the Trenton Police Department in both his Motion for Compassionate Release and the instant Motion. (*Compare* ECF No. 837 at 4 (noting that Defendant "held charitable events with support from the Trenton Police

---

grandparent, or sibling of the Defendant. *Id.* Thus, under the Sentencing Guidelines, Cedric's daughter—Defendant's niece—does not qualify as an "immediate family member" of Defendant. More importantly, there is no indication that Defendant would be the only available caregiver for Cedric's daughter. (*See* ECF No. 869 at 10-12 (outlining other potential caregivers for Cedric). As a result, early release based on Cedric's daughter's placement into foster care is not warranted. *See United States v. Farlow*, Cr. No. 18-044, 2021 WL 1207485, at *3 (D.N.J. Mar. 30, 2021) (denying the defendant's motion for compassionate release where the defendant's reasons for release based on family circumstances did not fall within the permissible bases set forth in the Sentencing Guidelines).

Department and coverage by NBC News station") *with* ECF No. 875 at 6 ("While on pretrial services, Defendant orchestrated 'Operation Rebuild Trenton' with the support of the Trenton Police Department.").)

Again, while the Court applauds Defendant's charitable work and conduct while incarcerated, the Court's analysis of the § 3553(a) factors does not weigh in favor of early release. Accordingly, Defendant's request for reconsideration of the Court's decision with respect to the § 3553(a) factors is denied.

## IV.    CONCLUSION

For the foregoing reasons, and other good cause shown, Defendant's Motion for Reconsideration and Judicial Notice (ECF No. 875) is **DENIED**.  An appropriate Order follows.

Dated: February 26, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE